UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS JONATHAN EPPERSON,<br><br>                Plaintiff,<br><br>        v.<br><br>NATIONAL ASSEMBLY, HOUSE OF COMMONS, UNITED NATIONS,<br><br>                Defendants. | No. 1:23-cv-01759-NODJ-SKO<br><br>FIRST SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT;<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT; OR<br><br>(3) FILE A NOTICE OF VOLUNTARY DISMISSAL<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Chris J. Epperson, proceeding pro se and *in forma pauperis*, filed a complaint on December 22, 2023. (Doc. 1). Upon reviewing the complaint, the Court concludes that it fails to state any cognizable claims.

Plaintiff has the following options as to how to proceed. He may file an amended complaint, which the Court will screen in due course. Alternatively, Plaintiff may file a statement with the Court stating that he wants to stand on this complaint and have it reviewed by the

presiding district judge, in which the Court will issue findings and recommendations to the district judge consistent with this order.  If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that an amendment may cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.   SUMMARY OF PLAINTIFF'S COMPLAINT

On the first page of the complaint, Plaintiff lists himself as the Plaintiff and lists "National Assembly House of Commons United Nations" as the defendants. (Doc. 1 at 1). On pages four and five of the complaint, Epperson lists Germany, Austria, Hungary and France as defendants. (Doc. 1 at 4-5). Plaintiff has also attached a Civil Cover Sheet to his complaint, listing Felix Gouin, a resident of France, as the defendant. (Doc. 1-1).

Plaintiff lists the basis for jurisdiction as both "Federal question" and "Diversity of citizenship." (Doc. 1 at 5).[1] On the Civil Cover Sheet, Plaintiff checked the box for "Federal Question" under "Basis for Jurisdiction." (Doc. 1-1). Plaintiff notes the Tenth, Fourteenth and Fifteenth Amendments are at issue in this case. (Doc. 1 at 6). On the Civil Cover Sheet, he checked the box for "Constitutionality of State Statutes" as relevant to the nature of the suit, and he listed "Embezzlement Espionage" as a brief description of the cause. (Doc. 1-1). He also lists "50 U.S. (2011)" as the relevant civil statute. (*Id.*)

Plaintiff provides the following statement of the claim: "January 3, 1953 – January 3, 1955 the Constitution had been violated March 6, 1961, 26 F.R. 1977 by the action of the legislature claims airising [sic] out of an act of war against Germany, Austria, Hungary and France production act of 1960 Ex Ord. No. 10958."  (Doc. 1 at 7). Plaintiff requests the following relief: "The 25th Section of the judiciary Act of 1789, brought under the Constitution laws of the United States. Where prohibition is against State laws impairing the obligation of contracts for 500,000,000 fiscal year Ex. Ord. No. 10925, Mar. 6, 1961, 26 F.R. 1977." (Doc. 1 at 8).

## III.   DISCUSSION

---

[1] Plaintiff notes the amount in controversy exceeds $75,000 because "Trading with the Enemy Act 1939 500,000,000 fiscal year 1980 Executive Order 11130 section 403."

For the reasons set forth below, the Court finds the complaint does not state any cognizable claims. Plaintiff will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.     Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (cleaned up).  "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

**B.     Analysis**

Plaintiff's complaint is insufficient under Rule 8.  Plaintiff neither lists any discernible factual allegations in the complaint, nor establishes how any defendants' actions violated Plaintiff's rights. Without any factual allegations, this Court cannot determine what Plaintiff alleges occurred and whether the listed defendants may be liable for such conduct.  Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Brazil*, 66 F.3d at 199).  Plaintiff has not done so here.  It is also unclear whether this Court can exercise jurisdiction over the named defendants.  Under the Foreign Sovereigns Immunity Act ("FISA"), a foreign state is "immune from the jurisdiction of the courts of the United States" unless an

1 enumerated exception applies.  28 U.S.C. § 1604.  Plaintiff has not enumerated which FISA exception applies to any claims against the foreign sovereigns he named as defendants.

The Court will grant Plaintiff leave to amend his complaint and set forth his claims more clearly.  If Plaintiff elects to amend his complaint, he must state the legal basis for the claim and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim.  Fed. R. Civ. P. 8(a).

**C.     Leave to Amend**

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time to file an amended complaint so he can provide additional factual allegations and cure the pleading defects identified by the Court.  *Lopez*, 203 F.3d at 1130; *Gillespie*, 629 F.2d at 640.

Plaintiff is granted leave to file an amended complaint within thirty days.  He is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  The First Amended Complaint must itself allege *all necessary facts* to support a claim for relief; the Court will not consider any previous complaints in its review.  The amended complaint should be clearly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Although Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if he can allege facts sufficient to support a claim.  If Plaintiff files an amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

# IV. ORDER

Based on the foregoing, IT IS ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    i. File a First Amended Complaint;
    ii. Notify the Court in writing that he wishes to stand on this complaint; or
    iii. File a notice of voluntary dismissal.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:23-cv-01759-NODJ-SKO. If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 29, 2024**         /s/ *Sheila K. Oberto*
                              UNITED STATES MAGISTRATE JUDGE