**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

CHRIS JONATHAN EPPERSON,

Plaintiff,

v.

NATIONAL ASSEMBLY, HOUSE OF COMMONS, UNITED NATIONS,

Defendants.

No. 1:23-cv-01759-KES-SKO

**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**

**TWENTY-ONE DAY DEADLINE**

Plaintiff Chris J. Epperson, proceeding pro se and *in forma pauperis*, filed a complaint on December 22, 2023. (Doc. 1). Upon reviewing the complaint, the Court concluded that it failed to state any cognizable claims and granted Plaintiff the option to file a First Amended Complaint, to stand on his current complaint, or to file a notice of voluntary dismissal. (Doc. 5). Plaintiff subsequently filed a document titled "First Amended Complaint" (Doc. 8) and various notices (Docs. 6, 7) related to the First Amended Complaint. The Court concludes that the First Amended Complaint fails to state any cognizable claims and recommends dismissing it without leave to amend.

## I. SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that an amendment may cure the complaint's deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (cleaned up). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III. DISCUSSION

Plaintiff's First Amended Complaint states the following:

> The second sentence of section 5(b)(4) amended section 203(b) Trading with the Enemy Act of 1917, (50 U.S.C. 1702(b) striking enacting clause paragraph (3) and inserting "international Emergency Economic Powers Act" 48 stat. 782, 18 U.S.C. 1073.
>
> Motion of no Confidence for violations of this Act by an congressmen member of the state or president of the United States, there shall be cause of action against the United States as provided by section 1346(b) and chapter 37 of title 18 United States code. Remedies against the United States provided by this section shall be the exclusive remedy or sanction, including the Exclusionary Rule.

(Doc. 8). That is the entirety of Plaintiff's First Amended Complaint.

Plaintiff's complaint is insufficient under Rule 8. A complaint is required to contain facts sufficient to demonstrate a defendant is liable for the alleged conduct (*Iqbal*, 556 U.S. at 678), and it must be written so a defendant can respond to the claims. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 673 F.3d 1047, 1059 (9th Cir. 2011). Plaintiff's filing is void of any information related to identifying the defendants, a cause of action, or the basis for federal jurisdiction. Courts are to construe pro se pleadings liberally, but "a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest." *Perez v. Unknown*, No. CV 18-08535 ODW (AFM), 2018 WL 6025844, at *3 (C.D. Cal. Nov. 16, 2018)

(citing *Brazil*, 66 F.3d at 199). Plaintiff has not done so here. Even if the Court considered this filing supplementation to Plaintiff's original complaint (Doc. 1), this filing has not remedied the shortcomings the Court previously identified in Plaintiff's original complaint. (*See* Doc. 5) (finding Plaintiff failed to list any discernible factual allegations). For these reasons, the undersigned recommends that Plaintiff's complaint be dismissed without leave to amend.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed, without leave to amend; and

2. The Clerk of the Court be instructed to close the case.

These findings and recommendation will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within twenty-one (21) days after being served** with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 3, 2024**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE